OPINION
Plaintiff-appellant Mary Whittaker appeals the jury verdict finding she is not able to participate in the Bureau of Workers' Compensation ("BWC") fund for additional conditions of complex tear of the medial meniscus with partial miniscectomy and aggravation of chondrosis involving the lateral femoral condyle. Defendant-appellees J.C. Penney Co. and Industrial Commission of Ohio maintain the jury properly denied plaintiff's participation in the BWC fund.
The facts of this case arise from an incident which occurred on March 18, 1995. On this day plaintiff, a salesperson, was working at J.C. Penney when she bumped her left knee on a clothing table. Plaintiff felt immediate pain but finished her shift that day. When she arrived home that night the pain increased and she noticed some swelling. Plaintiff went to work the next day but the pain increased so plaintiff called her doctor. She visited her doctor that day and he took x-rays. Plaintiffs doctor confirmed her knee was injured and eventually indicated she would need to visit a specialist for a complete diagnosis.
Plaintiff then visited Dr. Cohn. Dr. Cohn examined her knee and determined she needed arthroscopic surgery. A year later plaintiff had surgery on her left knee. The surgery revealed plaintiff had a large complex degenerative tear of the lateral meniscus and low level degenerative changes to the medial meniscus, lateral tibial surface, and lateral femoral condyles. Since the surgery plaintiff complains she cannot do the things she used to do such as "* * * stoop and walk, run the steps, run for my son. And now I'm limited to that point."
Initially, plaintiff filed an application for workers compensation benefits for contusion of the left knee. The claim was allowed. After the surgery, plaintiff requested that her workers compensation claim be additionally allowed for a complex tear of the medial meniscus, tear of the lateral meniscus, and aggravation of chondrosis of the left knee. The Industrial Commission denied this request and plaintiff appealed to the Cuyahoga County Court of Common Pleas, pursuant to R.C. 4123.512.
A trial ensued and the sole issue for the jury to decide was whether plaintiff was entitled to participate in the BWC fund for the aforementioned injuries to her left knee. At trial, Dr. Cohn testified plaintiffs injury at work aggravated the conditions he diagnosed. For the defense, a Dr. Jones testified he believed the injury plaintiff incurred at work did not cause the tear of her meniscus or the chondrosis in her left knee. After all the testimony the jury returned a verdict finding plaintiff was not entitled to participate in the BWC fund.
Plaintiff appealed the jury verdict and now presents a single assignment of error. Plaintiff argues:
 THE TRIAL COURT ERRED IN ALLOWING DEFENDANT-EMPLOYER TO CROSS-EXAMINE THE PLAINTIFF AS TO ISSUES CONCERNING HER EXTENT OF DISABILITY.
Plaintiff complains the trial court erred by not sustaining an objection during cross-examination of her treating physician regarding whether he was considering surgery on her right knee. She makes the same argument about a question where defense counsel asked her if she had looked for work since the injury. Plaintiff argues, pursuant to R.C. 4123.519, the only decisions reviewable are those involving a claimant's right to participate or continue to participate in the fund. Therefore, the above mentioned questions asked by the defense were irrelevant and prejudicial to her because they concerned her disability. As a result, she claims the jury was able to consider her disability rather than just her right to participate in the fund. Because of the trial courts errors, plaintiff maintains she is entitled to a new trial.
Defendants counter-argue plaintiff is not entitled to a new trial. They claim the question about her right knee arose from trial strategy. Defendants argue they were attempting to show the injuries in her left knee were caused by a degenerative condition and not from the in-store incident. Thus, the question about her right knee was introduced to show she had a similar degenerative condition in that knee making it unlikely the conditions in the left knee were caused by the work related injury. Regarding the question about plaintiff's work history, defendants contend the question was proper because on direct examination plaintiff testified she is a hard working person who is very upset about her limitations from the disability. Thus the question was within the scope of plaintiff's direct testimony.
Cross-examination is permitted on all relevant matters affecting credibility. Evid.R. 611 (B). Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Generally, cross-examination may embrace matters pertaining to direct examination even if not necessarily admissible. State v. Litz(1982). 8 Ohio App.3d 321. Moreover, a trial court enjoys broad discretion in the admission or exclusion of evidence. That decision will not be reversed absent a clear abuse of discretion which materially prejudices the objecting party. State v. McCray (1995), 103 Ohio App.3d 109. Therefore, we must look at the totality of the circumstances and determine whether the trial court abused its discretion and acted unreasonably, arbitrarily or unconscionably when making its evidentiary rulings.
First, plaintiff argues the trial court failed to sustain an objection while defense counsel cross-examined her about her right knee. A review of the record reveals defendants' trial strategy was to show the additional conditions plaintiff complained of were not a result of the in-store incident, but rather a degenerative condition that developed over time. A part of this strategy included a comparison of the left and right knees. By showing the right knee was problematic similar to the left knee this would establish the injuries to the left knee were more of a chronic nature rather than the result of a single traumatic event like plaintiffs in-store accident. This strategy went directly towards contradicting plaintiffs claim that she had a right to participate in the BWC fund for the additional conditions sustained by her left knee.
This strategy is illustrated specifically in defendants opening statement where defense counsel stated plaintiffs injury resulted from a degenerative condition that developed in both knees prior to the accident which is supported by a comparison of x-rays of both knees. Furthermore, while testimony was being elicited, in anticipation of a right knee comparison, the following exchange occurred between plaintiff and her expert:
 Q. Did she, at that time, complain of her right pain in her right knee?
A. No.
Q. And what's the significance of that, if any?
 A. Well, it — pretty much, it was consistent. She hurt — she hit her knee and that's what hurt. So —
Similarly, on direct examination of plaintiff, in anticipation of comparing the right and left knees and contradicting defendants opening statement and strategy, plaintiff denied receiving treatment for her right knee:
 Q. Mary, did you ever have treatment on either your left or right knee before "95?
 A. I don't remember that. I just don't remember that. I went to my family physician, but the doctors do not tell you everything.
It is clear from the above quoted exchanges plaintiff understood the counter-argument defendants' were making. In anticipation of this strategy plaintiff asked her expert, Dr., a question about her right knee and a questioned was posed to plaintiff on direct examination about her right knee. Plaintiff now contends defendants should not be able to question her about the condition of her right knee. It is obvious defendants question to plaintiff about her right knee was both relevant and within the scope of testimony elicited from plaintiff on direct examination. Therefore, the trial court did not abuse its discretion in overruling plaintiffs objection.
Second, plaintiff argues the following exchange was prejudicial because it concerned the extent of her disability instead of her right to participate in the fund.
Q. And you haven't looked for work since March of 1995. have you?
A. No. No.
On direct examination, plaintiff was asked whether she has aches or pains in her body. She replied, "No. I'm a person that always worked. * * *."
In light of plaintiff's testimony about her work habits on direct examination, we find the question at issue to be properly within the scope of cross-examination. Therefore, the trial court did not abuse its discretion in overruling plaintiffs objection. Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 TERRENCE O'DONNELL, P.J. JAMES D. SWEENEY, J., CONCUR.
JOHN T. PATTON, JUDGE.